IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD KNIGHT, ET AL.,          :
                                :
        Plaintiffs,             :
                                :
    v.                          : Civil Action No. 01-05-JJF
                                :
INTERNATIONAL LONGSHOREMAN'S    :
ASSOCIATION,                    :
                                :
        Defendant.              :

---

Perry F. Goldlust, Esquire and Michael J. Goldberg, Esquire of ABER, GOLDLUST, BAKER & OVER, Wilmington, Delaware.

Attorneys for Plaintiffs.

John P. Sheridan, Esquire of GLEASON, MARRINAN & MAZZOLA MARDON, P.C., New York, New York.
Stephen B. Potter, Esquire of POTTER, CARMINE & AARONSON, P.A., Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

May 1, 2007
Wilmington, Delaware

*Joseph J. Farnan Jr.*

Farnan, District Judge

Pending before the Court is the Proposed Procedure submitted by Defendant and Plaintiffs regarding unresolved issues on remand from the Third Circuit.

## I. BACKGROUND

On appeal to the Third Circuit, Plaintiffs contended that: 1) the District Court erred in abstaining from ruling on their claim that Article XXVII of the International Longshoreman's Association ("ILA") Constitution is overbroad and violates union members' free speech rights; 2) the District Court erred in holding the ILA did not violate Plaintiff Knight's due process rights under § 101(a)(5) of the Labor-Management Reporting And Disclosure Act ("LMRDA") by compelling Knight to appear before a biased hearing committee and by denying his request to tape-record the hearing; and 3) the District Court erred in finding that the ILA complied with LMRDA § 105. Knight et. al. v. Int'l. Longshoremen's Ass'n., 457 F.3d 331 (3d. Cir. 2006). The Third Circuit agreed with Plaintiffs and reversed the decision of this Court and remanded for further proceedings. Id.

## II. PROPOSED PROCEDURES

A. Article XXVII Of The ILA Constitution

Article XXVII ("the Article") of the ILA Constitution prohibits the unauthorized use of the ILA name and logo.[1] With

---

[1] The complete language of Article XXVII is included in the Third Circuit's opinion. Knight 457 F.3d at 336.

1

respect to the Article's implications on the free speech of union members, the Third Circuit instructed on remand that, "the District Court should consider, in conjunction with the parties, the manner in which Article XXVII can be narrowed," to prohibit only misuse of the ILA name and logo. Id. at 339.

By its Proposed Procedure (D.I. 113), Defendant ILA contends that no narrowing instruction from this Court is required because the ILA has never interpreted or applied the Article to prohibit union members from using the ILA name or logo merely as identification nor to discipline members for such activity. Defendant further contends that the Third Circuit's holding was limited to the determination that this Court should not have abstained from resolving this issue on summary judgment. To that end, Defendant contends that summary judgment should be granted because there is no genuine issue of material fact with respect to its contention that the Article has already been interpreted by the ILA in accordance with the Third Circuit's instructions on remand.

In response, Plaintiffs contend that the Third Circuit held that the Article is unreasonable on its face and thus, this Court need only determine the proper remedy. (D.I. 115). Plaintiffs contend that, as a remedy, the Court should: 1) enjoin the ILA from enforcing the Article; 2) order the ILA to inform its members that the Article is of no force or effect; 3) order the ILA to remove the Article from future printings of its

2

Constitution; 4) retain jurisdiction to review any revised version of the Article; and 5) award monetary damages in the amount of $10,000 to each of the four Plaintiffs in compensatory damages for the violation of their rights under the LMRDA.

The Court concludes that neither party's proposal is appropriate in its entirety. Defendant's contention that no narrowing construction is necessary is incongruous with the Third Circuit's explicit instruction that this Court consider a narrow construction of the Article. Defendant contends that because the ILA has never construed the Article to prohibit use of the ILA name for mere identification purposes and does not intend to do so, it has already complied with the Third Circuit's holding. However, "[p]ast practice does not constitute a narrowing construction because it does not bind the enforcement agency. . . ." Conchatta Inc. v. Miller, 458 F.3d 258, 265 (3d. Cir. 2006). Further, the Third Circuit specifically found that the Article had been used at least twice to curtail union members' speech and that the Article had a chilling effect on speech protected by the LMRDA. Knight, 457 F.3d at 339. Thus, the Court concludes that Defendant's Proposed Procedure with respect to this issue does not comport with the Third Circuit's instructions. Additionally, consistent with the Third Circuit's conclusion that this Court should not have abstained in this matter, the Court will deny summary judgment on this issue. Further, the Court concludes that Plaintiffs' proposal reaches beyond the scope of a mere limiting instruction required by the Third Circuit's decision.

3

The Court will adopt a more simple approach and order Defendant to present language which represents a narrowed construction of the Article that would prohibit only misuse of the ILA name and logo rather than encompass a prohibition of use of the name for identification purposes.

B. Due Process Rights Under LMRDA § 101(a)(5)

With respect to the violation of Plaintiff's due process rights, the Third Circuit instructed that, on remand, "[t]he District Court should consider the appropriate remedy to be accorded Knight." Knight, 457 F.3d at 347. Defendant contends the appropriate remedy is to provide Plaintiff Knight a new hearing before a new tribunal, with adequate notice and reasonable time to prepare, during which Knight can record the proceedings. In response, Plaintiffs propose that the Court enjoin the ILA from retrying Knight because the ILA failed to hold a new hearing before the end of 2006, a fair hearing before an impartial panel would be impossible, and a hearing would serve no useful purpose. Plaintiffs further propose that, regardless of whether a new hearing is allowed, Knight should be awarded compensatory damages in an amount no less than $100,000 for mental anguish and damage to his reputation, and punitive damages in the amount of $250,000 for the ILA's violation of his due process rights; and that Plaintiff Miller-Bey should be awarded a reasonable sum of presumed compensatory damages for violation of

4

his due process rights. By its reply, Defendant proposes to designate an independent Ethical Practices Counsel pursuant to its Code of Ethics to preside over a rehearing for Knight (D.I. 121 at 11-12).

The Court concludes that the appropriate remedy for Knight is a new hearing which comports with due process principles and a record of the proceeding in accordance with the Third Circuit's instructions. The Court will also order the designation of an independent Ethical Practices Counsel to preside over the proceeding to ensure fairness and impartiality.

C. Efforts To Meet Requirements Of LMRDA § 105

With respect to the requirement under LMRDA § 105 that the ILA distribute to union members a copy of the Department of Labor ("DOL") summary regarding union members' rights, the Third Circuit instructed that the ILA should "take steps to ensure to the extent possible that all new members of the ILA personally receive a copy of the DOL summary." Knight, 457 F.3d. at 346. The Third Circuit further noted that, "[w]e leave to the District Court on remand the details as to how this can best be accomplished, although we note that the DOL proposals would appear to satisfy the statutory requirement." Id.

With regard to this issue, Defendant proposes to: 1) mail the DOL summary on a quarterly basis to all new members for whom it has received notice; 2) mail bulk copies of the summary to each of its locals with directions that the local officers

5

distribute a copy to each new member; 3) continue to require that the summary be posted in union and hiring halls; and 4) post the summary on the ILA website. In response, Plaintiffs request that, in addition to the procedures Defendant proposes, the Court order the ILA to continue its practice of publishing the summary in its newsletter and on the website, and to develop a reliable means of mailing materials to members.

The Court concludes that Defendant's proposal will meet the Third Circuit's instruction that, to the extent possible, new members personally receive a copy of the DOL summary as provided for by the DOL proposals.[2]

D.   Damages

In its response to Defendant's Proposed Procedure, Plaintiffs make various claims for the award of compensatory and punitive damages. (D.I. 115). The Court finds that, at this juncture, a decision on specific claims for damages would be premature; however, the Court does intend to schedule a damages hearing after the conclusion of the new hearing for Plaintiff Knight.

---

[2] The DOL proposals cited by the Third Circuit require that federal sector unions provide notice to new members regarding the union's standards of conduct "within 90 days of the time they join and to all members at least once very three years. Notice must be provided by hand delivery, U.S. mail or e-mail or a combination of the three as long as the method is reasonably calculated to reach all members." Knight, 457 F.3d at 346.

## III. CONCLUSION

For the reasons discussed, the Court will resolve the issues on remand in accordance with the Order accompanying this Memorandum Opinion and entered the same date.