IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD KNIGHT, CHARLES MILLER-BEY, :
EDDIE MCBRIDE, and LEONARD RILEY, JR., :
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　　:　　C.A. No. 01-005-LPS
　　　　　　　　　　　　　　　　　　　　　:
INTERNATIONAL LONGSHOREMEN'S　　　　　　:
ASSOCIATION,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendant.　　　　　　　　　:

**MEMORANDUM ORDER**

At Wilmington this 29th day of March, 2012:

Pending before the Court are various motions filed by plaintiffs Edward Knight, Charles Miller-Bey, Eddie McBride, and Leonard Riley, Jr. (collectively, "Plaintiffs"): Motion for Relief from Judgment (D.I. 187), Motion to Alter Judgment (D.I. 189), and Motion for Attorney's Fees and Costs (D.I. 191). For the reasons discussed below, the Court will deny Plaintiffs' Motion for Relief from Judgment, grant Plaintiffs' Motion to Alter Judgment, and grant Plaintiffs' Motion for Attorney's Fees and Costs.

**I.　BACKGROUND**[1]

This litigation stems from an internal union dispute over discipline imposed by defendant labor union, the International Longshoremen's Association ("ILA" or "Defendant"), on one of its

---

[1]The background relevant to this action has been set forth more fully by the Court in previous decisions entered in this case. *See Knight v. Int'l Longshoremen's Ass'n*, 375 F. Supp. 2d 351, 353-54 (D. Del. 2005) (D.I. 99); D.I. 125; *Knight v. Int'l Longshoremen's Ass'n*, 639 F. Supp. 2d 437, 439-442 (D. Del. 2009) (D.I. 154); *Knight v. Int'l Longshoremen's Ass'n*, 724 F. Supp. 2d 480, 484-87 (D. Del. 2010) (D.I. 185).

1

members, plaintiff Knight. On January 3, 2001, Plaintiffs filed this lawsuit seeking to enforce their rights to freedom of speech and due process within the ILA, pursuant to the Union Member Bill of Rights contained in Title I of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411. (*See* D.I. 1) Subsequently, on June 15, 2001, Plaintiffs filed an amended complaint, adding a claim based on the ILA's failure to inform its members about the LMRDA, as required by § 105 of the Act. (*See* D.I. 23; 29 U.S.C. § 415)

After an initial round of discovery, the Court considered cross-motions for summary judgment. *See Knight v. Int'l Longshoremen's Ass'n*, 375 F. Supp. 2d 351, 354 (D. Del. 2005). On summary judgment, the Court abstained from ruling on Plaintiffs' free speech claim and rejected Plaintiffs' § 105 claim. *See id.* at 353-54. Subsequently, following a bench trial, the Court rejected all of Plaintiffs' remaining claims, concluding that the ILA's discipline of Knight was not retaliatory and that the ILA had not violated Knight's due process rights under the LMRDA. *See id.* at 357, 360.

Plaintiffs appealed to the Third Circuit, contending that this Court erred by: (1) abstaining from ruling on Plaintiffs' free speech claim; (2) holding that the ILA did not violate Knight's due process rights under § 101(a)(5) of LMRDA, in compelling Knight to appear before a biased hearing committee and denying his request to tape record the hearing; and (3) holding that the ILA complied with LMRDA § 105.[2] *See Knight v. Int'l Longshoremen's Ass'n*, 457 F.3d 331, 335-36 (3d Cir. 2006). The Third Circuit found in favor of Plaintiffs on every claim they raised and remanded the case for further proceedings. *See id.* at 346-47.

On remand, this Court determined that the appropriate remedy for ILA's due process

---

[2]Plaintiffs did not appeal the adverse ruling on their retaliation claim.

2

violations was a "new [ILA] hearing" for Knight "which comports with due process." *See Knight v. Int'l Longshoreman's Ass'n*, 2007 WL 1259137, at *3 (D. Del. May 1, 2007). An ILA hearing took place in March of 2008, and Knight was found guilty of violating "the spirit" of § 302(b) of the Taft-Hartley Act. (D.I. 192 at 5)

After the ILA hearing, the parties began the second phase of this litigation, which included filing a second set of cross-motions for summary judgment, which the Court largely denied. *See Knight v. Int'l Longshoremen's Ass'n*, 639 F. Supp. 2d 437 (D. Del. 2009). On December 14, 2009, the Court held a second bench trial. *See Knight v. Int'l Longshoremen's Ass'n*, 724 F. Supp. 2d 480, 487 (D. Del. 2010). On July 14, 2010, after receiving post-trial briefing, the Court issued a Memorandum Opinion in which it ruled in favored of Plaintiffs, holding that ILA violated Knight's statutory due process rights by finding him guilty of something with which he had never been charged. *See id.* at 490.

Subsequently, in August 2010, Plaintiffs filed the pending Motion to Set Aside Judgment, Motion to Alter Judgment, and Motion for Attorney's Fees and Costs. The parties completed briefing on these motions on November 4, 2010.[3]

## II. DISCUSSION

### A. Motion for Relief from Judgment

First, Plaintiffs request that this Court grant relief from judgment because in its July 14, 2010 Memorandum Opinion the Court expressly invited Plaintiffs to "file a separate Motion and Brief addressing pre-judgment interest," yet entered a Final Judgment Order that same day,

---

[3]This case was assigned to the undersigned judge on August 18, 2010. All prior proceedings, including the bench trials, occurred before the Honorable Joseph J. Farnan, Jr., who retired from the bench on July 30, 2010.

3

making it impossible for Plaintiffs to seek prejudgment interest. (D.I. 188 at 2)

Federal Rule of Civil Procedure 60(a) authorizes courts to grant relief from judgment in order to "correct a clerical mistake or a mistake arising from oversight or omission." The Third Circuit has stated:

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.

*Pfizer, Inc. v. Uprichard*, 422 F.3d 124, 130 (3d. Cir. 2005). Rule 60(a) cannot be used to correct an error in an order "[w]hen the change sought is substantive in nature, such as a change in the calculation of interest not originally intended." *In re Diet Drugs Prods. Liab. Litig.*, 200 Fed. Appx. 95, 103 (3d Cir. Aug. 9, 2006); *see also Winters v. Patel*, 154 Fed. Appx. 299, 304 (3d Cir. Nov. 14, 2005) ("District Court's omission of [prejudgment interest] award cannot be considered a clerical mistake correctable under Rule 60(a) . . . .") (internal quotation marks omitted).

Here, Plaintiffs seek a substantive change to the Court's Final Judgment Order – the addition of prejudgment interest, which can only be granted at the Court's discretion.[4] Thus, a Rule 60(a) motion is not the proper procedural tool to effectuate this change. Accordingly, the Court will deny Plaintiffs' Motion for Relief from Judgment.

---

[4]The Court is not confronted with a situation in which prejudgment interest is a matter of right under statute. In such a situation, the omission of prejudgment interest can be corrected via a Rule 60(a) motion. *See Hayden v. Scott Aviation, Inc.*, 684 F.2d 270, 272 (3d Cir. 1982).

4

## B. Motion to Alter Judgment

Next, Plaintiffs request that the Court alter its July 14, 2010 Final Judgment Order and award Plaintiffs prejudgment interest. (D.I. 189) Defendant contends that the Court should deny Plaintiffs' request because Defendant sent Plaintiffs a check for the amount of prejudgment interest that Plaintiffs now seek, but Plaintiffs refused to accept this check and, instead, filed two unnecessary motions. (D.I. 201 at 2) Defendant asserts that Plaintiffs' request for prejudgment interest is offset by the costs Defendant incurred in responding to Plaintiffs' unnecessary motions. (*Id.* at 3)

Section 102 of the LMRDA authorizes courts to award "such relief . . . as may be appropriate" to remedy violations of the free speech and due process rights protect by the Act. 29 U.S.C. § 412. The relief available pursuant to § 102 includes awards of prejudgment interest. *See Shales v. Gen. Chauffeurs, Salesdrivers, and Helpers Local Union No. 330*, 2003 WL 22038596, at *3 (N.D. Ill. Aug. 28, 2003); *Dornan v. Sheet Metal Workers Int'l Ass'n*, 810 F. Supp. 856, 861 (E.D. Mich. 1992). "[D]istrict courts have broad discretion to award prejudgment interest on a judgment obtained pursuant to a federal statute." *William A. Graham Co. v. Haughey*, 646 F.3d 138, 144 (3d Cir. 2011). Prejudgment interest "compensates the plaintiff for the delays inherent in litigation." *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 981 (3d Cir. 1984).

Here, Plaintiffs are not to blame for the lengthy litigation in this case. Plaintiffs should be compensated for the delays that occurred in this litigation. Defendant's arguments to the contrary are unpersuasive. Plaintiffs were not obligated to accept any settlement offer from Defendant and properly filed the pending motions seeking prejudgment interest.

5

Defendant contends that, if it is awarded, the Court should calculate prejudgment interest pursuant to the federal rate, set forth in 28 U.S.C. § 1961, because this case was based on claims brought pursuant to federal law. However, there is authority for application of the Delaware Interest Statute, 6 Del. C. § 2301, to determine the proper interest rate in a case in which all claims were based on federal law. *See Gelof v. Papineau*, 829 F.2d 452, 456 (3d Cir. 1987). Additionally, the federal statute that Defendant relies on relates to the calculation of *post-*judgment interest, which is not at issue here. Therefore, the Court will apply the Delaware Interest Statute to determine the proper interest rate.

In the fall of 2000, when the ILA unlawfully fined Knight $500, the Federal Reserve discount rate was six percent. (D.I. 190 at 3) Pursuant to the Delaware Interest Statute, the Court will add an additional five percentage points, for a total interest rate of eleven percent. *See* 6 Del. C. § 2301(a). Compounded annually through July 31, 2010, the prejudgment interest due is $1384.

Therefore, the Court will grant Plaintiffs' Motion to Alter Judgment. The Court's July 14, 2010 Final Judgment Order shall be amended to award judgment in favor of Plaintiffs in the amount of $1884.

### C. Motion for Attorney's Fees and Costs

Plaintiffs request attorney's fees and costs pursuant to Title I of the LMRDA. (D.I. 191) The LMRDA does not specifically provide for the award of attorney's fees. Nevertheless, in *Hall v. Cole*, the Supreme Court recognized that a court may award attorney's fees in a Title I LMRDA action pursuant to the "common benefit" doctrine, which applies when "the plaintiff's successful litigation confers a substantial benefit on the members of an ascertainable class, and

6

where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." 412 U.S. 1, 5 (1973) (internal quotation marks omitted).

In order to recover attorney's fees under Title I of the LMRDA, "a claimant must be a prevailing party and his lawsuit must provide a common benefit to all union members." *Ruocchio v. United Transp. Union*, 181 F.3d 376, 389 (3d Cir. 1999). Here, Plaintiffs prevailed on numerous claims – their due process claim, free speech claim, and § 105 claim. Thus, Plaintiffs are prevailing parties for purposes of this lawsuit.

Defendants do not dispute that Plaintiffs' victories on the § 105 claim and free speech claim conferred a common benefit on ILA members. (D.I. 210 at 7) The Third Circuit's finding that Article XXVII of the ILA Constitution violated the free speech provisions of the LMRDA provided a common benefit because, by vindicating their own rights, the Plaintiffs here, like "the successful litigant [in *Hall*,] dispel[led] the 'chill' cast upon the rights of others." *Hall*, 412 U.S. at 8; *see also Ruocchio*, 181 F.3d at 388. The Third Circuit's finding that the ILA violated § 105 of the LMRDA also conferred a common benefit because "[t]he LMRDA protections are meaningless . . . if members do not know of their existence." *Thomas v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers*, 201 F.3d 517, 520 (4th Cir. 2000). Due to Plaintiffs' victory on the § 105 claim, the ILA members learned of the existence of LMRDA protections.

Defendant contends that Plaintiffs' victory on the due process claim did not confer a common benefit on ILA members because the bias of the hearing committee members and their refusal to allow Knight to tape record the hearing were specific to his case and are not likely to be repeated. (D.I. 210 at 10-12) The Court finds Defendant's argument unpersuasive. As a result

7

of Plaintiffs' victory on the due process claim, the ILA will increase its "sensitivity to the full and fair hearing rights of its members [and] will more carefully select its hearing boards in the future so as to select members free from partiality or bias." *Bollitier v. Int'l Bhd. of Teamsters*, 735 F. Supp. 612, 622 (D.N.J. 1989). Similarly, as a result of the Third Circuit's determination that Plaintiff can record disciplinary hearings, in the future other ILA members will know that they are permitted to record hearings, which is, again, a common benefit. *See generally Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 749 F.2d 1000, 1005-06 (2d Cir. 1984) (upholding attorney's fee award in case establishing union member's right to record disciplinary hearing). Thus, Plaintiffs' victory on the due process claim conferred a common benefit. Accordingly, the Court will grant Plaintiffs' Motion for Attorney's Fees and Costs.

Having determined that Plaintiffs are entitled to a fee award, the Court will now address the proper amount of attorney's fees and costs to award Plaintiffs. Courts in the Third Circuit calculate attorney's fees pursuant to the lodestar approach. *See Interfaith Comm. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). The lodestar results from multiplying the amount of time reasonably expended by reasonable hourly rates. *See Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). Next, the Court may adjust the lodestar based on various factors.[5] The prevailing party bears the burden of establishing the reasonableness of

---

[5]These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

8

both the time expended and the hourly rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### 1. Hours Reasonably Expended

Defendant raises numerous objections to Plaintiffs' counsel's specific time entries. For instance, Defendant contends that because Plaintiffs did not prevail on every claim they initially asserted then their overall fee award should be reduced by a large percentage. (D.I. 210 at 19-29) The Court disagrees. Although Plaintiffs did not prevail on every aspect of each claim asserted, the time Plaintiffs' counsel spent on the unsuccessful retaliation claim and the due process issue (for which they were not awarded relief) was closely intertwined with the free speech and due process claims on which Plaintiffs did prevail.[6] Hence, even if Plaintiffs had not pursued those unsuccessful claims, Plaintiffs' counsel would still have spent essentially the same amount of time preparing for litigation of the successful claims. Because all of the claims asserted in this litigation "involve a common core of facts," the Court finds it unnecessary to reduce the fee award beyond the ten percent reduction to which Plaintiffs have agreed.[7] *See Hensley*, 461 U.S. at 435 (noting that full amount of requested attorney's fees can be awarded in situations where

> attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*City of Riverside v. Rivera*, 477 U.S. 561, 568 n.3 (1986) (internal quotation marks omitted).

[6]Plaintiffs' counsel does not seek reimbursement for time spent on appeal, unsuccessfully seeking punitive damages, or defending against defending against ILA's counterclaim. (D.I. 192 at 13)

[7]In their briefing, although Plaintiffs urge the Court to award all the attorney's fees requested, Plaintiffs concede that a ten percent reduction in the fee award is appropriate to account for unsuccessful claims. (*See* D.I. 214 at 17, 19)

9

prevailing party does not win every claim, provided that claims involve "common core of facts"); *see also Lanni v. New Jersey*, 259 F.3d 146, 151 (3d Cir. 2001) ("[F]ees shall not be awarded for time that would not have been spent had the unsuccessful claims not been pursued.").

Defendant further argues that Plaintiffs' counsel's time entries lack the requisite specificity required for an award of attorney's fees. (D.I. 210 at 21) Although Plaintiffs contend that the Court should award the full amount requested, Plaintiffs agree to a twenty-hour reduction if Court determines some entries lack the requisite specificity. (*See* D.I. 214 at 17, 23) The Court deems Plaintiff's proposed twenty-hour reduction to be reasonable in light of the fact that some of the time entries lack specificity.

Moreover, Defendant contends that Plaintiffs should not be awarded attorney's fees for the time that Plaintiffs' counsel spent preparing for and attending Knight's second disciplinary hearing, which was held after remand. (D.I. 210 at 26-28; D.I. 217 at 4-5) The Court agrees with Defendant. The disciplinary hearing was not a court proceeding but, rather, an internal ILA union hearing held before an ILA-appointed adjudicator. Although a new disciplinary hearing was ordered on remand, it was not part of the Court proceedings. Additionally, Plaintiffs have failed to demonstrate how the new disciplinary hearing for Knight conferred any common benefit on other ILA members. Accordingly, the Court will not award fees for the time expended by Plaintiffs' lead counsel[8] for the period from March 10, 2007 through September 17, 2008 (the time during which Plaintiffs' lead counsel prepared for and attended the disciplinary hearing),

---

[8]The Court will award fees for Plaintiffs' Delaware counsel's work during this time period as a review of the time records submitted shows that Plaintiffs' Delaware counsel was not involved in the disciplinary proceeding. Any time that Plaintiffs' Delaware counsel billed during this time period was for correspondence with the Court.

which equates to a reduction of 92.6 hours and a deduction of $30,095 from Plaintiffs' revised attorney's fees request.[9]

### 2. **Reasonable Hourly Rate**

Plaintiffs' lead counsel seeks fees at an hourly rate of $325. (D.I. 191, Ex. 3 ¶ 9) The Court determines that this rate is reasonable. A reasonable hourly rate is determined by prevailing market rates in the community. *See Blum*, 465 U.S. at 895. A prevailing market rate is the rate "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Missouri v. Jenkins*, 491 U.S. 274, 286 (1989) (internal quotation marks omitted).

Plaintiffs' lead counsel is an attorney with over thirty years of experience. (D.I. 191, Ex. 3 ¶¶ 3-6) Plaintiffs' lead counsel's proposed hourly rate is comparable to rates courts have upheld as reasonable for attorneys with experience in the employment field. *See Tobin v. Gordon*, 614 F. Supp. 2d 514, 524 (D. Del. 2009) (permitting hourly fee of $450 for employment attorney); *Burris v. Richards Paving, Inc.*, 472 F. Supp. 2d 615, 622 n.12 (D. Del. 2007) (approving hourly rate of $350 for employment attorney with thirty years of experience). Additionally, the proposed hourly rate is consistent with rates of other experienced employment attorneys in Delaware. (*See* D.I. 191, Ex. 12 ¶ 7 (Delaware employment attorney stating he bills at rate of $325 per hour); *id.*, Ex. 14 ¶ 4 (chair of Labor and Employment Law Section of Delaware Bar opining that hourly range of $325 to $400 is reasonable for Delaware employment attorney with twenty-five years of experience))

---

[9]Plaintiffs' revised attorney's fees request accounts for both the twenty-hour reduction and the additional time spent preparing the pending post-trial motions. (*See* D.I. 214 at 24)

11

Defendant's objections to Plaintiffs' counsel's hourly rate on the basis that Plaintiffs' lead counsel is a law professor who does not have an established billing rate and does not work at a law firm are unpersuasive. (*See* D.I. 210 at 15-19) The Third Circuit has stated that it makes no difference whether the attorney seeking a fee award took the case on a *pro bono* basis or otherwise, whether the attorney is employed by a nonprofit organization or by a large or a small for-profit law firm, or whether the attorney does or does not have a pre-established billing rate. *See, e.g., Pub. Interest Research Grp. of N.J. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *Student Pub. Interest Research Grp. of N.J. v. AT&T Bell Labs.*, 842 F.2d 1436, 1447-50 (3d Cir. 1988); *Pawlak v. Greenawalt*, 713 F.2d 972, 979 (3d Cir. 1983).

Plaintiffs' Delaware counsel seek fees at hourly rates of $300 and $250. The Court deems these hourly rates to be reasonable. They are similar to rates that courts have previously upheld as reasonable for Delaware attorneys. *See Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 273-74 (D. Del. 2010) (reasonable rates for employment lawyer capped at $290 per hour); *Laymon v. Lobby House, Inc.*, 2009 WL 1259059, at *1, *4 (D. Del. May 6, 2009) (finding $300 to be appropriate fee).

In sum, the Court will award Plaintiffs a total of $285,395.50 in fees.

### 3. Costs

Defendant raises various objections to specific costs Plaintiffs seek to recover. (*See* D.I. 210 at 29-31) Plaintiffs do not dispute the merit of Defendant's objections and agree to a $2,539.63 reduction in costs. (D.I. 214 at 23) The Court determines this reduction is appropriate and that the remaining $10,576.37 that Plaintiffs' seek represents costs reasonably incurred. Accordingly, the Court will award Plaintiffs' $10,576.37 in costs.

III. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Relief from Judgment (D.I. 187) is **DENIED**.

2. Plaintiffs' Motion to Alter Judgment (D.I. 189) is **GRANTED**. The Court's Final Judgment Order of July 14, 2010 (D.I. 186) is hereby amended to reflect an award of judgment in favor of Plaintiffs in the amount of $1884.

3. Plaintiffs' Motion for Attorney's Fees and Costs (D.I. 191) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiffs in the amount of $295,971.87.

4. The Clerk of Court is directed to close this case.

UNITED STATES DISTRICT JUDGE