IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

EDWARD KNIGHT, CHARLES MILLER-BEY, :
EDDIE MCBRIDE, and LEONARD RILEY, JR., :
                                        :
                    Plaintiffs,         :
            v.                          :   C.A. No. 01-005-LPS
                                        :
INTERNATIONAL LONGSHOREMEN'S            :
ASSOCIATION,                            :
                                        :
                    Defendant.          :
                                        :

## MEMORANDUM ORDER

At Wilmington this 27th day of September, 2013:

Pending before the Court are motions filed by Plaintiffs Edward Knight, Charles Miller-Bey, Eddie McBride, and Leonard Riley, Jr. (collectively, "Plaintiffs") and, separately, by Defendant International Longshoremen's Association ("ILA" or "Defendant"). Specifically, the Court now considers: (1) Plaintiffs' Motion for Proceedings Against a Surety, Or in the Alternative, for an Order Requiring the ILA to Keep its Supersedeas Bond in Place (D.I. 230); (2) Defendant's Motion for Relief from Judgment Pursuant to FRCP 60(b)(5) (D.I. 235); and (3) Defendant's Motion for Leave to File Surreply Brief in Opposition to Plaintiffs' Motion for Proceedings Against a Surety or in the Alternative for an Order Requiring the ILA to Keep its Supersedeas Bond (D.I. 237).[1] In resolving these motions, the Court has also considered the parties' input provided in a joint status report. (D.I. 240)

---

[1] Plaintiffs have not opposed Defendants' request to file a surreply brief; the Court will grant Defendants' request.

1

For the reasons discussed below, the Court will deny Plaintiffs' Motion for Proceedings Against a Surety, deny Defendant's Motion for Relief from Judgment, and grant Defendant's Motion for Leave to File Surreply Brief. Defendant is ordered to pay Plaintiffs attorneys' fees, costs, and post-judgment interest (which the parties will be directed to calculate).

## I. PROCEDURAL BACKGROUND

The factual background and history of this case leading up to the filing of the second appeal are summarized in the Memorandum Order of March 29, 2012. (D.I. 222 at 1-3)[2] The Court provides only limited background here.

On July 14, 2010, following a bench trial, the Court entered judgment in favor of Plaintiffs ("Final Judgment Order"), holding that ILA violated Knight's statutory due process rights by finding him guilty of something with which he had never been charged. (D.I. 186) However, the Court also denied Knight's request for punitive damages and limited his recovery to compensatory damages in the amount of $500 plus appropriate post-judgment interest. (D.I. 185 at 47) In August 2010, Plaintiffs filed an appeal (D.I. 193) and thereafter ILA filed a cross-appeal (D.I. 197). The appeals were stayed pending resolution of post-trial motions in this Court. (*See, e.g.*, D.I. 195)

On March 29, 2012, this Court issued a Memorandum Order altering the Final Judgment Order of July 14, 2010 to increase the award to Plaintiffs from $500 to $1884. (D.I. 222 at 6, 13) On March 30, 2012, judgment was entered in favor of Plaintiffs in the amount of $295,971.87,

---

[2]Additional background is set forth in previous decisions of this Court. *See Knight v. Int'l Longshoremen's Ass'n*, 375 F. Supp. 2d 351, 353-54 (D. Del. 2005) (D.I. 99); (D.I. 125); *Knight v. Int'l Longshoremen's Ass'n*, 639 F. Supp. 2d 437, 439-442 (D. Del. 2009) (D.I. 154); *Knight v. Int'l Longshoremen's Ass'n*, 724 F. Supp. 2d 480, 484-87 (D. Del. 2010) (D.I. 185).

reflecting an award of attorneys' fees and costs. (D.I. 223)

Plaintiffs appealed this Court's denial of their claims for lost wages and punitive damages. (D.I. 233-2 at 3-4) Defendants appealed this Court's finding that Plaintiffs' due process rights under Title I of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411, were violated. (D.I. 233-2 at 5) The Third Circuit heard oral argument on the appeals on December 10, 2012. (D.I. 233 at 1) On May 31, 2013, the Third Circuit reversed this Court's finding that Knight had not received sufficient notice of the conduct with which he was charged, i.e., his second due process claim. The Third Circuit remanded the case with instructions to vacate the associated award of damages. (D.I. 233 at 2) In all other respects, the Third Circuit affirmed this Court's judgment. (*Id.*)

## II. DISPOSITION OF PLAINTIFFS' CLAIMS

In order to resolve the pending motions, it is important to understand the disposition of each of Plaintiffs' claims. They are summarized below.

### A. Free speech: Plaintiffs prevailed and obtained injunctive relief

Plaintiffs claimed that Article XXVII of the ILA constitution was overbroad and violated the free speech rights of union members protected under § 101(a)(2) of the LMRDA. *See Knight v. Int'l Longshoremen's Ass'n*, 457 F.3d 331, 336 (3d Cir. 2006). This Court initially abstained from considering this claim. *See id.* On appeal, the Third Circuit stated: "Because Article XXVII can be construed and used to prohibit . . . innocuous references to the ILA, it is unreasonable on its face," and remanded for further proceedings, to include ordering a narrowing revision of Article XXVII of the ILA constitution. *Id.* at 339. On remand, this Court ordered narrowing of Article XXVII of the ILA constitution so that it would only prevent misuse of the

ILA name. (D.I. 130 at 1-2) Accordingly, Plaintiffs prevailed on their free speech claim and obtained injunctive relief as a remedy for Defendant's violation of their rights.

B. **First due process claim: Plaintiffs prevailed and obtained injunctive relief**

Plaintiff claimed that in his first disciplinary proceeding, his due process rights under LMRDA §101(a)(5) were violated because he: (1) was not permitted to record the proceedings, and (2) faced a biased panel. *See Knight*, 457 F.3d at 339-40. This Court held that Knight's due process rights had not been violated. *See id.* at 340. On appeal, the Third Circuit reversed, concluding that Knight's due process rights had been violated in both alleged respects; it remanded for corrective proceedings. *See id.* at 346-47. On remand, this Court ordered that Knight receive a new hearing, using procedures approved by the Court, in order to safeguard Knight's due process rights. (D.I. 130 at 2-3) Accordingly, Plaintiffs prevailed on their first due process claim and obtained injunctive relief as a remedy for Defendant's violation of their rights.

C. **LMRDA § 105 claim: Plaintiffs prevailed and obtained injunctive relief**

Plaintiffs contended that the ILA failed to comply with the requirement of LMRDA § 105 that "[e]very labor organization shall inform its members concerning the provisions of this chapter." 29 U.S.C. § 415; *see also Knight*, 457 F.3d at 344. This Court held that the ILA had adequately complied with LMRDA § 105. *See Knight*, 457 F.3d at 344. On appeal, the Third Circuit disagreed, concluding "that the ILA must take steps to ensure to the extent possible that all new members of the ILA personally receive a copy of the DOL [Department of Labor] summary. We leave to the District Court on remand the details as to how this can best be accomplished." *Id.* at 346. On remand, this Court ordered the ILA to enact a policy and procedure for distributing copies of the Labor Department summary to all new ILA members.

4

(D.I. 126 at 1) Accordingly, Plaintiffs prevailed on their § 105 claim and obtained injunctive relief as a remedy for Defendant's violation of their rights.

### D. Second due process claim: Plaintiffs did not prevail

Following the remand from the first appeal, this Court ordered that Knight receive a new hearing, pursuant to revised procedures. Hence, an ILA disciplinary hearing occurred in March 2008, at which Knight was found guilty of violating "the spirit" of § 302(b) of the Taft-Hartley Act. (D.I. 185 at 9) Following this hearing, this Court held a trial and then concluded that Knight had suffered a new due process violation. (D.I. 185 at 22-23) As the Third Circuit later recognized, "The District Court ruled that Knight's due process rights were violated because it believed Ethical Practices Counsel Milton E. Mollen convicted Knight of violating the 'spirit and intent' of § 302 of the LMR[D]A. The District Court found this 'conviction' to be a due process violation because Knight was never charged with that offense." (D.I. 233-2 at 6) As a remedy for this second due process violation, this Court awarded Knight $500 in damages and $1334 in interest (D.I. 222 at 6), although it also denied Knight's claims for lost wages and punitive damages. *See Knight v. Int'l Longshoremen's Ass'n*, 724 F. Supp. 2d 480, 497-99, 501 (D. Del. 2010). On the subsequent appeal, the Third Circuit reversed this Court's finding of a due process violation and vacated the subsequent damage award, while affirming this Court's denial of Plaintiffs' other claims for monetary relief. (D.I. 233-2 at 7) Accordingly, Plaintiffs did not prevail on their second due process claim.

### III. PLAINTIFFS' MOTION RELATING TO SURETY OR BOND

On May 31, 2013, after the Third Circuit's most recent decision but before the issuance of its mandate, Plaintiffs filed a motion entitled, "Motion for Proceedings Against a Surety, or in

the Alternative, for an Order Requiring the ILA to Keep Its Supersedeas Bond in Place." (D.I. 230) The Court agrees with all parties that "[t]he motion for proceedings against a surety is now moot." (D.I. 240 at 5-6; *see also id.* at 3)

Under the circumstances, the Court considers it an appropriate exercise of its discretion, and fully consistent with the mandate of the Third Circuit,[3] nonetheless to consider Plaintiffs' motion and all of the other filings in order to determine whether Plaintiffs are entitled to an award of attorneys fees and costs and, if so, the amount of such an award. (*See id.* at 5-6) The Court addresses these matters below.

## IV. DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT

Moving pursuant to Federal Rule of Civil Procedure 60(b)(5), Defendant ILA argues that the attorneys' fee award (D.I. 223) is based on a judgment that has been reversed (D.I. 236 at 3-4). The Court agrees that an award of fees for litigation of the ultimately unsuccessful second due process claim is inappropriate. Similarly, fees and costs accrued in the unsuccessful

---

[3] On June 25, 2013, the Third Circuit issued a certified judgment, "in lieu of a formal mandate," which "is to be treated in all respects as a mandate." (D.I. 233-1) The mandate provides, in pertinent part: "[I]t is now hereby ORDERED and ADJUDGED by this Court that the order of the said District Court entered on July 14, 2010, is hereby REVERSED (at Case No. 10-3486) as to its finding that Knight had not been given sufficient notice of the conduct with which he was charged, and REMANDED with instructions to vacate the subsequent award of damages. We AFFIRM (at Case No. 10-3426) the District Court's order, in all other aspects. . . . All of the above in accordance with the Opinion of this Court." (D.I. 233) Nothing in either the mandate nor the Opinion of the Third Circuit eliminates Plaintiffs' status as prevailing parties in connection with the issues addressed in the first appeal nor requires the Court to vacate its prior award of fees and costs in connection with Plaintiffs' prevailing on those issues. (The mandate does require this Court to vacate its award of damages in relation to Plaintiffs' second due process claim, and this Court will do so.) Thus, contrary to Defendant's contention (*see* D.I. 240 at 1-5), this Court is not taking any action prohibited by the mandate of the Court of Appeals. While there is no express direction from that Court that this Court undertake further proceedings, there is also nothing from that Court to preclude this Court from doing so, as necessary.

6

litigation of Plaintiffs' second appeal – specifically, those associated with Plaintiffs' request for punitive damages and return of lost wages – should not be assessed against Defendant. However, Defendant is not entitled to relief from the award of attorneys' fees and costs associated with the remainder of Plaintiffs' claims – that is, those claims on which Plaintiff prevailed in connection with the first appeal, and which were not at issue in the second appeal – because, as to those claims, Plaintiffs were and remain the prevailing parties.

Defendant argues that Plaintiffs are no longer a "prevailing party" and that this Court has not issued an "enforceable judgment" against Defendant. (D.I. 236 at 5) To qualify as a prevailing party, the "plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, . . . or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (internal citations omitted). Success on a First Amendment claim resulting in injunctive relief may confer "prevailing party" status. *See Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 793 (1989) (finding petitioners to be prevailing parties when they obtained judgment which "materially altered the school district's policy limiting the rights of teachers to communicate with each other"). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12.

Plaintiffs secured injunctive relief for multiple claims under LMRDA. First, the claim that Article XXVII of the ILA constitution was overbroad and violated the free speech rights of union members protected under § 101(a)(2) of the LMRDA was resolved by this Court's order that the ILA revise Article XXVII. (D.I. 130 at 1-2) Plaintiffs' claim that in Knight's first

7

disciplinary proceeding his due process rights under LMRDA §101(a)(5) were violated, because he was not permitted to record the proceedings and faced a biased panel, was resolved by this Court's order that the ILA conduct a new hearing using Court-approved procedures to safeguard Knight's due process rights. (D.I. 130 at 2-3) The claim that the ILA failed to comply with LMRDA § 105's notice requirement was resolved by this Court's order that the ILA enact procedures for distributing the Labor Department summary to all new ILA members. (D.I. 126 at 1)

Plaintiffs are the prevailing party on these three issues based on their receipt of injunctive relief that "materially altered" the legal relationship between Plaintiffs and Defendant. Plaintiffs' success on each of these three claims also conferred a benefit on the membership of the ILA, as discussed at length in the Memorandum Order of March 29, 2012. (D.I. 222 at 6-8). As a result of the injunctive relief obtained, Plaintiffs and other ILA members: (1) are no longer at risk for disciplinary action by the ILA for making innocuous references to the ILA name or logo (*Knight v. Int'l Longshoremen's Ass'n*, 457 F.3d 331, 339 (3d Cir. 2006)); (2) are aware of their right to record the proceedings of ILA disciplinary hearings and to have their case heard by an unbiased panel (D.I. 222 at 8); and (3) are properly informed of the provisions of LMRDA (D.I. 222 at 7). Plaintiffs' success on these issues and the resulting benefits to the membership of the ILA justify the award of attorneys' fees and costs associated with the litigation of these claims, consistent with the "common benefit" doctrine of *Hall v. Cole*. 412 U.S. 1, 5-6 (1973). (*See* D.I. 222 at 6-7)

## V. CALCULATION OF PLAINTIFFS' AWARD

Plaintiffs have requested a revised fee and cost award based on the Third Circuit's most

recent decision and, as explained below, the Court agrees with Plaintiffs' analysis. (D.I. 231 at 2-3; D.I. 241 at 2; D.I. 230-6 at 1-2) The Court addressed in detail the award of attorneys' fees and costs in the Memorandum Opinion of March 29, 2012, after receiving briefing from both parties. (D.I. 222 at 8-12; D.I. 192; D.I. 210) The sole issue remaining with respect to the award of fees and costs is the amount of reduction required to reflect that Plaintiffs are not (contrary to this Court's previous conclusion) prevailing parties on the second due process claim. Specifically, the award needs to be modified to ensure that Plaintiffs do not receive any amounts incurred for pursuit of the second due process claim, punitive damages, and lost wages.

Plaintiffs' counsel has filed revised, detailed time sheets showing time billed in pursuit of these losing claims. (D.I. 230 Ex.2) Having carefully reviewed these revisions, the Court finds that Plaintiffs' counsel has appropriately reduced his fee request to correspond to those claims, and only those claims, on which Plaintiffs prevailed. Accordingly, the Court will award Plaintiffs $251,029.82 plus post-judgment interest. (*See* D.I. 231 at 3)[4]

Plaintiffs are also entitled to interest. (*See* 28 U.S.C. §1961(a)) The parties previously stipulated to an applicable interest rate. (*See* D.I. 228 at ¶ 8) Given the passage of time, the Court will direct the parties to calculate the appropriate amount of interest.

Accordingly, the Court will enter judgment for Plaintiffs in the amount of $251,029.82 plus interest.[5]

---

[4]In their June 7, 2013 filing (D.I. 231 at 3), Plaintiffs calculated interest as being $586. For the reasons stated in the next paragraph, the Court has not included that figure in its award.

[5]In the July 2013 status report, Defendant stated: "[i]f this Court disagrees with the ILA's position and believes that the Third Circuit remanded for further proceedings on the issue of attorney's fees, and that this Court has jurisdiction to consider the issue of attorney's fees, then this Court should establish a briefing schedule," require Plaintiffs to submit a new fee

9

## VI. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Proceedings Against a Surety, or in the Alternative, for an Order Requiring the ILA to Keep Its Supersedeas Bond in Place (D.I. 230) is **DENIED AS MOOT**.

2. Defendant's Motion for Relief from Judgment Pursuant to FRCP 60(b)(5) (D.I. 235) is **DENIED**.

3. Defendant's Motion for Leave to File Surreply Brief (D.I. 237) is **GRANTED**. Defendant's brief (D.I. 237-2) is deemed filed.

4. Judgment will be entered in favor of Plaintiffs and Defendant is **ORDERED TO PAY** Plaintiffs attorneys' fees and costs in a total amount of $251,029.82 plus post-judgment interest.

5. The parties shall meet and confer to determine the appropriate amount of interest and shall submit, no later than **October 4, 2013**, a proposed order of final judgment consistent with the rulings contained in the instant Order.

_____
UNITED STATES DISTRICT JUDGE

---

application, and permit Defendant to raise "various [unspecified] defenses and arguments" it is entitled to raise. (D.I. 240 at 5) The Court, however, agrees with Plaintiffs that they have already submitted materials adequate to permit it to determine the proper amount of fees and costs to award and that any "defenses and arguments" the ILA has against such an award either have been or should have been raised earlier. (*Id.* at 9-10; *see also* D.I. 222 at 6-12) Additional briefing would accomplish nothing beyond further delay and expense in a case that has already been marked by inordinate amounts of both.