# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD KNIGHT, CHARLES MILLER-BEY, EDDIE MCBRIDE, and LEONARD RILEY, JR., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 01-005-LPS |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | : : : : | |
| Defendant. | : : | |

## MEMORANDUM ORDER

At Wilmington this 23rd day of October, 2013:

1. Defendant International Longshoremen's Association ("ILA") moves for reconsideration of the Court's September 27, 2013 Memorandum Order (D.I. 243), in which the Court awarded attorney's fees to Plaintiffs and made other determinations. (D.I. 245)

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1

(D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Having reviewed the parties' submissions (D.I. 246; D.I. 247; D.I. 248[1]), the Court concludes that the ILA has not met the standards for reconsideration.

4. The ILA argues that the Court erred in finding Plaintiffs to be "prevailing parties" because all that Plaintiffs obtained through this litigation was what the ILA describes as mere interlocutory procedural relief. Essentially, the ILA contends that because discipline against Plaintiff Eddie Knight was ultimately reinstated, the fact that this litigation resulted in a new hearing – under new procedures – did not "alter the legal relationship" between the parties, leaving no basis for awarding Plaintiffs' attorney's fees. (*See* D.I. 246 at 3-5) For all of the reasons previously stated in the Court's prior opinions, the Court disagrees – with the ILA's

---

[1]Ordinarily, parties are not permitted to file reply papers in support of a motion for reargument. *See* D. Del. LR 7.1.5(a) ("The Court will determine from the motion and answer whether reargument will be granted."). Here, however, the Court will not strike the ILA's reply brief. This is because Plaintiffs do not oppose its filing (*see* D.I. 247 at 7) and because Plaintiffs, in their response, asked for an additional amount of attorney's fees, a request to which the ILA had no prior opportunity to respond.

characterization of the purpose and outcome of this litigation and with the ILA's application of the law. (*See, e.g.*, D.I. 243 at 3-5, 7-8; D.I. 130 (ordering ILA to amend its constitution and implement new proposed procedures); D.I. 155)[2]

5. The ILA argues that the Court erred when it granted Plaintiffs attorney's fees because "Knight never filed any motion for attorney's fees at all." (D.I. 246 at 6) This is incorrect. Plaintiffs filed a motion for attorney's fees on August 9, 2010. (D.I. 191) The Court granted this motion in March 2012. (D.I. 222) The September 2013 decision the ILA now asks the Court to reconsider modified this prior order on Plaintiffs' motion for attorney's fees. (D.I. 243) Under the circumstances, it was not necessary for Plaintiffs to file a new motion; the ILA was fully aware of Plaintiffs' request for attorney's fees, including the precise amount Plaintiffs sought and their support for their request. Consistent with Fed. R. Civ. P. 54(d)(2)(C), the ILA had a full and fair opportunity to oppose Plaintiffs' request for attorney's fees and to make adversary submissions. (*See, e.g.*, D.I. 210; D.I. 217; D.I. 232; D.I. 236; D.I. 237)

6. The ILA's request that the Court refer this matter to a magistrate judge comes too

---

[2]The ILA predicates its motion on cases it "previously cited to this Court." (D.I. 246 at 3; *see also* D.I. 236 at 5-11; D.I. 242 at 2-4) But, as already noted, "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith*, 2009 WL 5195928, at *1. In any event, each of the ILA's cases is consistent with the Court's rulings and arises in circumstances quite different from those present here. *See, e.g., Hewitt v. Helms*, 482 U.S. 755, 760, 763 (holding "prevailing party" must – as Plaintiffs did here – "receive at least some relief on the merits of his claims before he can be said to prevail;" here the modifications to the ILA constitution and procedures were something more than merely "a favorable judicial statement of law in the course of litigation"); *Hanrahan v. Hampton*, 446 U.S. 754, 757-58 (1980) (suggesting that party who "has prevailed on the merits of at least some of his claims" – as Plaintiffs did here – may be entitled to attorney's fees, and analogizing party seeking fees in that case to one who "had simply defeated the defendants' motion for a directed verdict," a situation quite unlike that presented here); *Swietlowich v. Bucks County*, 620 F.2d 33, 34 (3d Cir. 1980) (describing "prevailing party" as "one who fairly can be found to have 'essentially succeeded' on *a* claim" – as Plaintiffs have here) (emphasis added).

late. (D.I. 246 at 7 ("[T]he ILA *now* requests that the Court[] . . . refer the entire issue of attorney's fees to a Magistrate Judge . . . and that Judge can order a briefing schedule and evidentiary hearing.") (emphasis added); D.I. 248 at 1 ("[T]he dispute ought to be referred to a magistrate for a full hearing.")) The Court has already undertaken the analysis necessitated by the record the parties created and has made its findings of fact and conclusions of law. Nothing other than delay and further litigation expenses would result from a referral to a magistrate judge at this late date.

7. In their response brief, Plaintiffs ask the Court to increase the award to them by $24,137, the amount of additional attorney's fees they have incurred since October 4, 2010, the last day covered by the Court's fee award. (*See* D.I. 247 at 8-9; D.I. 247-1) Plaintiffs' request is DENIED as untimely. Just as the Court concluded (and concludes again) that, under the circumstances here, the ILA had a full and fair opportunity to oppose Plaintiffs' requests for attorney's fees, so, too, does the Court conclude that Plaintiffs had a full and fair opportunity to request the amount of fees to which they believed they were entitled. Plaintiffs have not themselves moved for reconsideration of the Court's September 2013 ruling. By withholding their new fee request until filing their brief in opposition to the ILA's motion for reargument, Plaintiffs have simply waited too long.

Accordingly, **IT IS HEREBY ORDERED** THAT:

A. The ILA's motion for reargument (D.I. 245) is **DENIED**.

B. Plaintiffs' request for an additional $24,137 in attorney's fees (D.I. 247 at 8-9) is **DENIED**.

C. The Court will enter final judgment in favor of Plaintiffs in the amount of $243,758.34. (*See* D.I. 244) Because the ILA prevailed in the second appeal, the Court agrees

4

with the ILA that the costs it incurred in posting a bond in relation to that appeal should be allowed in full.

_____
UNITED STATES DISTRICT JUDGE